IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PHYLISIA DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **KALAN HARRIS,** | ) |
| | ) Case No._____ |
| and | ) |
| | ) Div. ___ |
| **BROSNAN RISK CONSULTANTS, LTD,** | ) |
| | ) |
| and | ) |
| | ) |
| **WALMART, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Phylisia Davis (hereinafter "Plaintiff"), by and through her undersigned counsel and for her Petition for Damages against Defendant Kalan Harris (hereinafter "Defendant Harris"), Defendant Brosnan Risk Consultants, LTD (hereinafter "Defendant Brosnan") and Defendant Walmart, Inc. (hereinafter "Defendant Walmart") (hereinafter, collectively, "Defendants") states and alleges as follows:

## PARTIES

1. Plaintiff is an individual, is a citizen of the United States, and at all times pertinent to this Petition for Damages, resided in Wyandotte County, Kansas.

2. Defendant Harris is an individual, and upon information and belief, is a citizen of the United States and at all times relevant to this Petition, resided in Jackson County, Missouri.

3. Defendant Brosnan is a for-profit corporation, incorporated in the state of New York and having its headquarters and principal place of business in Rockland County, New York.

4. Defendant Walmart is a is a for-profit corporation, incorporated in the state of Delaware and having its headquarters and principal place of business in Benton County, Arkansas.

## JURISDICTION AND VENUE

5. All of the unlawful acts and practices set forth below were committed within Johnson County, Kansas.

6. Plaintiff seeks damages an amount in excess of one hundred thousand dollars ($100,000.00).

7. Jurisdiction and venue are proper in the District of Kansas pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391.

## BACKGROUND

8. Defendant Walmart operates a retail store at 5150 Roe Boulevard, Roeland Park, Johnson County, Kansas (hereinafter, the "Store") which is open to the public.

9. Upon information and belief, Defendant Walmart has a contract with Defendant Brosnan for Defendant Brosnan to furnish security guards to provide security at the Store (hereinafter, the "Contract").

10. In or about July 21st or 22nd of 2023, Plaintiff visited the Store to develop some photographs.

11. Defendant Harris was the only security guard in the store at that time.

12. Defendant Harris asked Plaintiff for her number.

13. Plaintiff politely declined to give Defendant Harris her number.

14. Plaintiff had previously visited the Store before this date, and Defendant Harris asked Plaintiff for her number and she declined this request.

15. On or about July 29, 2022, Plaintiff went to the Store to return some items.

16. As Plaintiff was in the Store waiting in line to return items, Defendant Harris walked towards Plaintiff.

17. Defendant Harris asked Plaintiff if she knew him and Plaintiff told Defendant Harris that she did not know him.

18. Defendant Harris told Plaintiff that he knew her "from photos" and Plaintiff responded that she remembered.

19. Defendant Harris asked Plaintiff what she liked to do for fun and listed examples such as bowling and going to the movies.

20. Plaintiff responded that she enjoyed those things and went back to looking at her phone.

21. Defendant Harris told Plaintiff they could be "friends or something" but not in a relationship.

22. Plaintiff told Defendant Harris that she was not interested.

23. Defendant Harris offered to give Plaintiff his number, but Plaintiff told him she was not interested.

24. Defendant Harris walked away from Plaintiff and Plaintiff continued to wait in line.

25. About five to ten minutes later, Defendant Harris walked behind Plaintiff, bumping into her and touching her buttocks.

26. Plaintiff loudly confronted Defendant Harris.

27. Defendant Harris told Plaintiff "I said I was sorry" for bumping into her.

28. Plaintiff told Defendant Harris "no, you touched my butt."

29. Plaintiff continued to loudly confront Defendant Harris for sexually assaulting her and Harris stated that he was calling a manager.

30. Defendant Harris then used his radio to call for a manager.

31. An employee of Defendant Walmart named Sadie (last name unknown) came over and told Plaintiff she was a "Team Lead."

32. Upon information and belief, Sadie was not a manager, but an employee given extra responsibility without being given management authority (sometimes known as a "straw boss").

33. Plaintiff told Sadie what had happened and Sadie told Plaintiff they were going to get a manager to speak with her.

34. Sadie treated Plaintiff very disrespectfully and did not seem to take Plaintiff's concern about having been the victim of sexual battery seriously.

35. Plaintiff was very upset and called her sister, who advised her to call the police.

36. Sadie told Plaintiff that they were "rolling the tape" of the incident.

37. No one from Defendant Walmart stayed with Plaintiff to make sure she was okay or to ensure Defendant Harris stayed away from her.

38. Plaintiff called the non-emergency number for the police, who arrived in about ten minutes.

39. Office Latalladi of the Roeland Park Police Department arrived and took Plaintiff's statement.

40. Plaintiff's sister arrived at the store and Plaintiff and Plaintiff's sister went back into the store to get the names of the employees.

41. Plaintiff's sister confronted Sadie about her disrespectful attitude and not taking the incident seriously.

42. Sadie began heatedly arguing with Plaintiff's sister.

43. When the manager for Defendant Walmart arrived, he ordered Sadie to walk away.

44. Plaintiff told the manager, Anthony (last name unknown), what had happened.

45. Anthony listened to what happened, then walked off.

46. Defendant Harris was given a citation for sexual battery and released and was permitted to drive himself home.

47. Defendant Harris openly committed sexual battery against Plaintiff, in public, in a place where Defendant Harris had visible authority as a security guard.

48. As a result of the incident, Plaintiff was and continues to be very weary of going places alone because of fear of being retaliated against or being battered by someone else with authority.

49. Plaintiff was violated because she did not want to give her number to a man or to go out with him.

50. Following the incident and as a result of it, Plaintiff no longer goes to the Roeland Park Walmart because of fear of seeing Defendant Harris there and because of the outrageous treatment from Walmart staff and management.

51. Plaintiff is scared to go to other Walmart stores because she is terrified Defendant Harris works there as a security guard or that another security guard will abuse his power and attack her.

52. Following the incident, for some time, Plaintiff had to be accompanied by another person (or, if that was not possible, at least be on the phone with someone) when she went out in public because of her overwhelming fear of being attacked again.

53. Defendant Harris was a security guard for the Store and his job was to protect Plaintiff from being the victim of the crime.

54. Instead, Defendant Harris was a predator, and the source of danger.

55. The violation that the incident represented disrupted (and continues to disrupt). Plaintiff's sense of independence and safety.

56. Prior to the incident, Plaintiff loved being by herself and that is now something that makes her fearful.

57. Following the incident, Plaintiff continued to live in fear that Defendant Harris would come to her house and attack here.

58. Upon information and belief, Defendant Harris has harassed other women.

59. Upon information and belief, Defendant Harris has assaulted other women.

60. Defendant Harris' position gave him authority over the customers in the Store.

61. Defendant Harris' position allowed him to approach customers in the Store and ask them questions.

62. Defendant Harris' position meant that he carried a weapon with him, and visibly displayed it.

63. Defendant Harris' position meant that Defendant Walmart's customers could not avoid contact with him.

64. Due to the nature of Defendant Harris' position, the risk of him abusing his power was obvious and foreseeable.

65. Due to the nature of Defendant Harris' position, the need for Defendant Brosnan and Defendant Walmart to take steps to prevent him from abusing his power was obvious and foreseeable.

**COUNT I**
**BATTERY – AGAIN DEFENDANT HARRIS**

66. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

67. Defendant Harris touched Plaintiff on her buttocks.

68. Defendant Harris did not have permission or authority to do so.

69. Defendant Harris did so on purpose.

70. Defendant Harris did so with the intention of grabbing Plaintiff's buttocks.

71. Defendant Harris did so knowing Plaintiff did not want him to touch her buttocks.

72. Defendant Harris did so knowing the contact would be offensive to Plaintiff.

73. The contact by Defendant Harris was offensive to Plaintiff.

74. The contact by Defendant Harris invaded Plaintiff's reasonable sense of personal dignity.

75. Defendant Harris' action against Plaintiff was willful because he did it intentionally.

76. As a direct and proximate result of Defendant Harris' actions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Harris, for all damages available under law including, but not limited to: compensatory damages, for all damages stated herein, for actual, compensatory, and special damages in an amount which is fair and reasonable, a finding that she is the prevailing party in this matter, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for pre and post judgment interest at the highest lawful rate, and for such other relief as the Court deems just and proper. Moreover, Plaintiff asserts that she is entitled to recover punitive damages and to the extent that KSA 60-3703 does not apply to this count, seeks them; to the extent it does apply, Plaintiff will later amend to include a request for them.

## COUNT II
## BATTERY – AGAINST DEFENDANT BROSNAN
## (*RESPONDEAT SUPERIOR* THEORY)

77. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

78. Defendant Harris was employed by Defendant Brosnan.

79. Defendant Harris' duties involved the preservation of peace upon the property Defendant Brosnan was contracted to protect.

80. Defendant Harris' duties involved the preservation of order upon the property Defendant Brosnan was contracted to protect.

81. Defendant Harris' duties involved the protection of the property Defendant Brosnan was contracted to protect.

82. The use of force is within the scope of Defendant Harris' duties working for Defendant Brosnan.

83. Specifically, the use of force on individuals in the property Defendant Brosnan was contracted to protect.

84. Defendant Brosnan is responsible for the battery committed by Defendant Harris against Plaintiff under the doctrine of *respondeat superior*.

85. As a direct and proximate result of Defendant Harris' actions for which Defendant Brosnan is liable, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Brosnan, for all damages available under law including, but not limited to: compensatory damages, for all damages stated herein, for actual, compensatory, and special damages in an amount which is fair and reasonable, a finding that she is the prevailing party in this matter, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for pre and post judgment interest at the highest lawful rate, and for such other relief as the Court deems just and proper. Moreover, Plaintiff asserts that she is entitled to recover punitive damages and to the extent that KSA 60-3703 does not apply to this count, seeks them; to the extent it does apply, Plaintiff will later amend to include a request for them.

### COUNT III
### BATTERY – AGAINST DEFENDANT WALMART
### (*RESPONDEAT SUPERIOR* THEORY)

86. Plaintiff incorporates by reference the allegations contained in the forgoing paragraphs.

87. Although Defendant Harris was directly employed by Defendant Brosnan, when he worked as a security guard at the store, he was also an agent of Defendant Walmart.

88. When working as a security guard at the Store, Defendant Harris acted as an agent of Defendant Walmart.

89. When working as a security guard at the Store, Defendant Harris took and followed instruction from Defendant Walmart's managers.

90. When working as a security guard at the Store, Defendant Harris followed Defendant Walmart's rules and procedures.

91. Defendant Harris considered Defendant Walmart's manager at the store to be his manager.

92. Defendant Harris' duties involved the preservation of peace upon Defendant Walmart's property.

93. Defendant Harris' duties involved the preservation of order upon Defendant Walmart's property.

94. Defendant Harris' duties involved the protection of Defendant Walmart's property.

95. The use of force is within the scope of Defendant Harris' duties working for Defendant Walmart.

96. Specifically, the use of force on individuals in the Defendant Walmart's property.

97. As a direct and proximate result of Defendant Harris' actions for which Defendant Walmart is liable, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Walmart, for all damages available under law including, but not limited to: compensatory damages, for all damages stated

herein, for actual, compensatory, and special damages in an amount which is fair and reasonable, a finding that she is the prevailing party in this matter, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for pre and post judgment interest at the highest lawful rate, and for such other relief as the Court deems just and proper. Moreover, Plaintiff asserts that she is entitled to recover punitive damages and to the extent that KSA 60-3703 does not apply to this count, seeks them; to the extent it does apply, Plaintiff will later amend to include a request for them.

## COUNT IV
## NEGLIGENCE – AGAINST DEFENDANT BROSNAN

98. Plaintiff incorporates by reference the allegations contained in the forgoing paragraphs.

99. Upon information and belief, Defendant Brosnan failed to take adequate steps to ensure Defendant Harris would not use his authority to abuse women such as Plaintiff.

100. Upon information and belief, Defendant Brosnan failed to take adequate steps when hiring Defendant Harris to ensure Defendant Harris would not use his authority to abuse women such as Plaintiff.

101. Upon information and belief, Defendant Brosnan did not take adequate steps to supervise Defendant Harris in such a way as to anticipate that there was a significant risk that he would abuse his authority to abuse women such as Plaintiff and prevent him from doing so.

102. Upon information and belief, Defendant Brosnan did not take adequate steps to manage Defendant Harris in such a way as to alter his behavior to so that he would not use his authority to abuse women such as Plaintiff.

103. Had Defendant Brosnan taken the above steps, Defendant Harris would not have committed sexual battery against Plaintiff.

104. Defendant Brosnan's failure to take the above steps resulted in Plaintiff being sexually battered by Defendant Harris.

105. Such a result was foreseeable.

106. As a direct and proximate result of Defendant Brosnan's failure to take the above steps, Plaintiff was injured.

107. As a direct and proximate result of Defendant Brosnan's failure to take those actions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

WHEREFORE, prays for judgment against Defendant Walmart, for all damages available under law including, but not limited to: compensatory damages, for all damages stated herein, for actual, compensatory, and special damages in an amount which is fair and reasonable, a finding that she is the prevailing party in this matter, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for pre and post judgment interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT V
## NEGLIGENCE – AGAINST DEFENDANT WALMART

108. Plaintiff incorporates by reference the allegations contained in forgoing paragraphs.

109. Upon information and belief, Defendant Walmart failed to take adequate steps to ensure Defendant Harris would not use his authority to abuse women such as Plaintiff.

110. Upon information and belief, Defendant Walmart did not take adequate steps to supervise Defendant Harris in such a way as to anticipate that there was a significant risk that he would abuse his authority to abuse women such as Plaintiff and prevent him from doing so.

111. Upon information and belief, Defendant Walmart did not take adequate steps to manage Defendant Harris in such a way as to alter his behavior to so that he would not use his authority to abuse women such as Plaintiff.

112. Had Defendant Walmart taken the above steps, Defendant Harris would not have committed sexual battery against Plaintiff.

113. Defendant Walmart's failure to take the above steps resulted in Plaintiff being sexually battered by Defendant Harris.

114. Such a result was foreseeable.

115. As a direct and proximate result of Defendant Walmart's failure to take the above steps, Plaintiff was injured.

116. As a direct and proximate result of Defendant Walmart's failure to take those actions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

WHEREFORE, prays for judgment against Defendant Walmart, for all damages available under law including, but not limited to: compensatory damages, for all damages stated herein, for actual, compensatory, and special damages in an amount which is fair and reasonable, a finding that she is the prevailing party in this matter, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for pre and post judgment interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

**Demand for Jury Trial**

Plaintiff demands a trial by jury on all matters set forth in this Complaint or arising therefrom.

Dated: April 10, 2023

Respectfully summitted,

*/s/ Sarah C. Liesen*
Sarah C. Liesen		KS #26988
Alexander Edelman,	KS #25821
Edelman, Liesen & Myers, L.L.P.
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Tel: (816) 301-4056
Fax: (816) 463-8449
aedelman@elmlawkc.com
sliesen@elmlawkc.com

**ATTORNEYS FOR PLAINTIFF**